Mr. Justice Huger
delivered the opinion of the; court.
It,is unnecessary to enquire if the sheriff of Greenville district was the successor of Saxon, the sheriff of the former district of Ninety-six, or whether he was authorized, under the act of the legislature, to make titles to the plaintiffs. He acted in obedience to the order of the court of equity, as appears from the deed he executed. The only question then, for the consideration of this coutt, is as to the validity of that order.
There can be no doubt that the plaintiffs were entitled to the-deed. The land had been purchased and paid for by their ancestor. They could not however proceed at lav/, against the defendant, without lido necessary link hr the chain oftitlc. Whosshould execute the deed,' was a-question of dcSibt. To effect their object, they produced from a court of competent jurisdiction, an order for the sheriff of Greenville district, to make titles. We will not look into the proceedings of the court of equity to ascer - tain in what manner they acted j it is enough that they had power to act and. have acted. Their decree is as binding as a judgment of this court. The deed executed by the sheriff of Greenville district, was therefore competent evidence, and ought ¡to have been received.
Were'it necessary to enquire into the object cf the court of equity in ordering titles to be made, it would appear, I' think abundantly evident, that it was only to enable the plaintiffs to sustain their action of trespass to try titles at law. If however they had an ulterior object in view, that *509 •¿anuo;; be •:;< featcd by git ing effect to that part of their crckr which required the aid oi this court. Alter verdict had, they can and I presume will proceed for the consummation of their purpose.
Davis, for the motion.
McDuffie, contra.
The order for a nonsuit must therefore be reversed.
Justices joknson, Cclcock and Dott, concurred.